■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILL WASHINGTON, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the third degree, defendant contends that four bags of heroin were erroneously admitted into evidence because the chain of custody was insufficiently established. The evidence established that Petronella, the undercover officer who purchased the heroin, sealed and initialed four small glassine bags and placed them in a larger glassine bag which he also sealed, initialed, dated and placed in an evidence envelope. Petronella gave the envelope to Deputy Mayne who delivered it to Spencer, the forensic chemist. Spencer kept the envelope in his personal locker until he analyzed the contents of one of the four bags. Petronella, Mayne and Spencer all testified and identified the bags received into evidence as the items they had handled. Thus a proper chain of custody was established. The evidence was also sufficient to rebut defendant's agency defense. The testimony of Starks, defendant's accomplice, was unequivocal that she gave defendant $60, asked him to obtain heroin, that defendant went into a "drug house", returned with four bags of heroin and gave them to Starks who then turned them over to Petronella. That testimony was amply corroborated by the testimony of the backup officers who observed the transaction. There was no evidence that defendant was acting for Petronella, the buyer. To the contrary, defendant had no dealings with Petronella. Defendant negotiated the price with Starks, personally obtained the drugs at her request and delivered them to her. The court's marshaling of the evidence was fair and its instructions to the jury were proper. We have reviewed defendant's other contentions and find that the issues are either unpreserved or lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.